UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JAZIMINE CRAYMOND,
3203 20th Street
Racine, Wisconsin 53405

       Plaintiff,

    v.

NOPAK, LLC
10179 South 57th Street
Franklin, Wisconsin 53132

       Defendant

Case No: 26-cv-154

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Jazimine Craymond, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, Nopak, LLC, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2.    Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Jazimine Craymond, is an adult female resident of the State of Wisconsin residing in Racine County with a post office address of 3203 20th Street, Racine, Wisconsin 53405.

4. Defendant, Nopak, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 10179 South 57th Street, Franklin, Wisconsin 53132.

5. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site in Franklin, Wisconsin.

6. During Plaintiff's employment with Defendant, Defendant was a covered employer for purposes of the FMLA.

7. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendants for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

8. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

11. In approximately April 2023, Defendant hired Plaintiff as a non-exempt, hourly-paid employee in the position of Assembler working at Defendant's Franklin, Wisconsin location.

12. During Plaintiff's employment with Defendant, and during the years 2025 and 2026, Plaintiff reported directly Robert Bane, Supervisor, who reported directly to John Ceboz, Manager.

13. On or about January 11, 2026, Plaintiff was seen and treated in urgent care by her health care provider and/or treating physician for significant and recurring back pain, and Plaintiff was prescribed medication for same.

14. On or about January 12, 2026, Plaintiff worked at Defendant for her normal and customary schedule shift.

15. On or about January 12, 2026, and while at work at Defendant, Plaintiff informed Bane that she was seen in urgent care the day prior for significant and recurring back pain and that she was prescribed and taking medication, such as muscle relaxants, for same, and that her back was still causing her significant pain while working at Defendant.

16. On or about January 13, 2026, Plaintiff worked at Defendant for her normal and customary schedule shift.

17. On or about January 13, 2026, and while at work at Defendant, Plaintiff informed Ceboz that her back was causing her significant pain, that the medication she was prescribed and currently taking was ineffective, that she needed to leave work because of her back pain, and that she needed to make an emergency appointment with her health care provider and/or treating physician for same.

18. On or about January 13, 2026, Plaintiff left work early at Defendant because her back was causing her significant pain and the medication she was prescribed and currently taking for same was ineffective (hereinafter collectively and simply, Plaintiff's "serious health condition").

19. Later in the day on or about January 13, 2026, and after Plaintiff left work at Defendant because of her serious health condition, Plaintiff called Defendant's Human Resources department to inform Defendant that she was scheduled to be seen by her health care provider and/or treating physician on the morning of January 14, 2026, but no one in Defendant's Human Resources department answered Plaintiff's call.

20. By at least January 13, 2026, Defendant was aware that Plaintiff was experiencing or suffering from a physical health condition that could have qualified as a serious health condition for purposes of the FMLA.

21. By at least January 13, 2026, Defendant was aware that Plaintiff was requesting FMLA leave and/or informing Defendant of her desired or anticipated FMLA leave use because of her serious health condition.

22. On or about the morning of January 14, 2026, Plaintiff arrived to work at Defendant for her normal and customary scheduled shift start time prior to attending the appointment with her health care provider and/or treating physician for her serious health condition later that morning.

23. On or about the morning of January 14, 2026, Defendant terminated Plaintiff's employment.

24. On or about the morning of January 14, 2026, Defendant terminated Plaintiff's employment for leaving work early on January 13, 2026, because of "back pain," characterizing it as an "[a]bsence with notification."

25. During Plaintiff's employment with Defendant, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave and/or informing Defendant of her FMLA leave use because of her serious health condition.

26. During the year 2026, Plaintiff's serious health condition required at least two (2) appointments and continuing treatment visits with, and supervision by, her health care providers and/or treating physicians.

27. After Defendant terminated Plaintiff's employment on the morning or January 14, 2026, Plaintiff was seen by her health care provider and/or treating physician for her serious health condition, and Plaintiff's health care provider and/or treating physician excused Plaintiff from work at Defendant from January 13, 2026, through January 15, 2026, because of her serious health condition – allowing Plaintiff to return to work at Defendant on January 16, 2026, with lifting restrictions because of her serious health condition.

## CAUSE OF ACTION – FMLA INTERFERENCE

28. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

29. Defendant intentionally interfered with Plaintiff's rights by terminating her employment in order to prevent, and/or which prevented, her from using FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

30. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, employment benefits and insurance, and compensatory damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 29th day of January, 2026

                                      WALCHESKE & LUZI, LLC
                                      Counsel for Plaintiff

                                      ***s/ Scott S. Luzi***
                                      James A. Walcheske, State Bar No. 1065635
                                      Scott S. Luzi, State Bar No. 1067405
                                      David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com